UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CYNDIA LEE SNIDER,

Petitioner,

v.

DEBORAH PATRICK, WARDEN,

Respondent.

/

1: 07 CV 01502 OWW WMW HC

FINDINGS AND RECOMMENDATIONS RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

[Doc. 9]

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302. Pending before the court is Respondent's motion to dismiss.

**PROCEDURAL HISTORY**

On August 7, 1997, Petitioner was convicted of voluntary manslaughter (Pen. Code § 192(a)) with personal use of a firearm (Pen. Code § 12022.5(a)). On September 19, 1997, the trial court sentenced Petitioner to state prison for an aggregate term of 21 years. Petitioner filed a direct appeal

and on December 31, 1998, the California Court of Appeal for the Fifth Appellate District ("Court of Appeal") issued an unpublished opinion affirming the judgment. Petitioner did not file a petition for review.

Petitioner subsequently filed the following four pro se state post-conviction collateral challenges:

First Petition

May 1, 2007, petition for writ of habeas corpus filed in Fresno County Superior Court

May 21, 2007, petition denied on the merits in a reasoned decision

Second Petition

June 19, 2007, petition for writ of habeas corpus filed in Court of Appeal

June 21, 2007, petition denied without comment

Third Petition

August 6, 2007, petition for writ of habeas corpus filed in California Supreme Court

January 16, 2008, petition denied without comment.

Fourth Petition

August 30, 2007, petition for writ of habeas corpus filed in Fresno County Superior Court

September 4, 2007, petition denied on the merits in a reasoned decision.

**LEGAL STANDARDS**

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that she suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the Fresno County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.

Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual

determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

**DISCUSSION**

Respondent moves to dismiss this petition on the ground that it is barred by the statute of limitations. Petitioner has not opposed or otherwise responded to the motion.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the Petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the Attorney General, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In this case, Petitioner filed a direct appeal and the Court of Appeal issued its decision on December 31, 1998, affirming the conviction. Petitioner did not file a petition for review with the California Supreme Court. The state appeal process thus became "final" within the meaning of Section 2244(d)(1)(A) upon expiration of the 40-day period following issuance of the writ, on February 9, 1999. California Rules of Court, Rule 28(b). Smith v. Duncan, 297 F.3d 809, 813 (9th Cir. 2002). The one-year statute of limitations began running the following day - - February 10, 1999. Thus, absent tolling, the last day to file a federal petition was February 9, 2000.

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[1] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); see, also, Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999).

Petitioner did not file her first state petition for post-conviction relief until April of 2007, over seven years after the statute of limitations expired. Because the limitations period had already

---

[1]In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See, Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See, id.

expired, the collateral challenge had no tolling consequence. Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to tolling where the limitations period has already run); see also Webster v. Moore, 199 F.3d 1256 (11th Cir.2000); Rendall v. Carey, 2002 WL 1346354 (N.D.Cal.2002).

In her petition, Petitioner cites Cunningham, presumably referring to Cunningham v. California, 127 S.Ct. 856 (2007). Although Petitioner does not specifically argue that she is entitled to 28 U.S.C. § 2244(d)(1)(C)'s later trigger date for the statute of limitations, Respondent disputes any such argument, contending that the relief Petitioner seeks is foreclosed.

In Teague v. Lane, 489 U.S. 288, 310 (1989), the Supreme Court held that a new rule of constitutional law cannot be applied retroactively on federal collateral review to upset a state conviction or sentence unless the new rule forbids criminal punishment of primary, individual conduct or is a "watershed" rule of criminal procedure. Caspari v. Bohlen, 510 U.S. 383, 396, 114 S.Ct. 948 (1994). If the state argues that a petitioner seeks the benefit of a new rule, federal courts must decide whether Teague is implicated before reaching the merits of a petition. Id. at 389, 114 S.Ct. 948.

The relevant preceding cases were succinctly described by the Court in Cunningham, as follows:

> In Apprendi v. New Jersey, this Court held that, under the Sixth Amendment, any fact (other than a prior conviction) that exposes a defendant to a sentence in excess of the relevant statutory maximum must be found by a jury, not a judge, and established beyond a reasonable doubt, not merely by a preponderance of the evidence. See 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435[June 26, 2000]. The Court has applied the rule of Apprendi to facts subjecting a defendant to the death penalty, Ring v. Arizona, 536 U.S. 584, 602, 609, 122 S.Ct. 2428, 153 L.Ed.2d 556, facts permitting a sentence in excess of the "standard range" under Washington's Sentencing Reform Act (Reform Act), Blakely v. Washington, 542 U.S. 296, 304-305, 124 S.Ct. 2531, 159 L.Ed.2d 403, and facts triggering a sentence range elevation under the then-mandatory Federal Sentencing Guidelines, United States v. Booker, 543 U.S. 220, 243-244, 125 S.Ct. 738, 160 L.Ed.2d 621. Blakely and Booker bear most closely on the question presented here.

Cunningham, 127 S.Ct. at 857. Cunningham was a challenge to People v. Black, 35 Cal.4th 1238, 29 Cal.Rptr.3d 740 (2005), in which the California Supreme Court found that California's upper term determinate sentencing law procedure was constitutional under Apprendi, Blakely, and Booker.

In Cunningham, the Court held that held that California's determinate sentencing law, which

authorized the judge, not the jury, to find facts exposing a defendant to an elevated upper term sentence violated the defendant's Sixth and Fourteenth Amendment rights to trial by jury. The Court explained, "the Federal Constitution's jury-trial guarantee proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant." Id. at 859. In support, the Court cited Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000); Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428 (2002); Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531(2004); and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738. In reaching this conclusion, the Court rejected the decision in People v. Black.

The Ninth Circuit has explained the analysis under Teague as involving an initial determination whether the rule is substantive or procedural. It the rule is procedural, then a three-step analysis follows to determine whether Teague bars its application. Hayes v. Brown, 399 F.3d 972, 982 (9th Cir. 2005). For Teague purposes, a new rule is one of "procedure" if it affects the operation of the criminal trial process, and a new rule is one of "substance" if it alters the scope or modifies the applicability of a substantive criminal statute." Bousley v. United States, 523 U.S. 614, 620, 118 S.Ct. 1604 (1998). The overruling of state sentencing laws is clearly a procedural rule; it affects the operation of the criminal trial process, but does not affect the scope of a substantive criminal statute.

Accordingly, the court now turns to the three-step analysis. First, the reviewing court "must ascertain the date on which the defendant's conviction and sentence became final for Teague purposes." Caspari v. Bohlen, 510 U.S. 383, 390, 114 S.Ct. 948 (1994). A conviction is final under Teague "when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for writ of habeas corpus has elapsed or a timely filed petition has been finally denied. Id. As set forth above, in this case, the state appeal process became "final" within the meaning of Section 2244(d)(1)(A) upon expiration of the 40-day period following issuance of the writ, on February 9, 1999. California Rules of Court, Rule 28(b). Smith v. Duncan, 297 F.3d 809, 813 (9th Cir. 2002). The time for filing a timely petition for writ of habeas corpus elapsed one year later on February 9, 2000. The opinion in Apprendi was issued on June 26, 2000.

Second, the court must survey "the legal landscape as it then existed," to determine whether existing precedent compelled a finding that the rule at issue "was required by the Constitution." Id. (internal quotation marks and citations omitted). If existing precedent already required application of the rules, the rule is not new and the Teague bar does not apply. The Ninth Circuit's treatment of Apprendi, Blakely, and Booker, the earlier seminal cases in this area, shows that Cunningham was not compelled by existing precedent. Although Apprendi, Blakely, and Booker have some similarity in finding a violation of the defendant's right to jury trial in imposing a sentence above the crime's initial range based on facts not found by the jury, each of these cases was found to create a new rule under Teague, and not to apply retroactively. See United States v. Sanchez-Cervantes, 282 F.3d 664 (9th Cir.), cert. denied, 537 U.S. 939 (2002); Cook v. United States, 386 F.3d 949 (9th Cir. 2004); United States v. Cruz, 423 F.3d 1119, 1120-21 (9th Cir. 2005), cert. denied, 126 S.Ct. 1181 (2006). Just as the decisions in Apprendi, Blakely, and Booker, arising in different contexts, created new rules, the decision in Cunningham created a new rule: imposition of an upper term within the initial prescribed sentencing range, based on a fact not found by a jury, violates the right to jury trial, even where the trial court has broad discretion that is reviewed for reasonableness. Indeed, the Court's grant of review in Cunningham suggests that its holding was not dictated by precedent. This court concludes, therefore, that Cunningham announced a new rule for Teague purposes.

Having concluded that the procedure at issue is considered a new rule for Teague purposes, this court must proceed to the third step and determine whether either of the two announced exceptions applies. Teague, 489 U.S. at 307. The presumption against retroactivity is overcome only if the new rule prohibits "a certain category of punishment for a class of defendants because of their status or offense," Penry v. Lynaugh, 492 U.S. 302, 330, 109 S.Ct. 2934(1989), abrogated on other grounds by Atkins v. Virginia, 536 U.S. 304, 122 S.Ct. 2242 (2002), or presents a new "watershed rule[ ] of criminal procedure" that enhances accuracy and alters our understanding of bedrock procedural elements essential to the fairness of a particular conviction. Teague, 489 U.S. at 311, 109 S.Ct. 1060 (citations omitted). The first exception does not apply because Cunningham does not prohibit a category of punishment. Because the Ninth Circuit has found that neither Apprendi, Blakely nor Booker, presented new watershed rules of criminal procedure, the court finds that the

same is true as to Cunningham.

In light of the above, the court concludes that Cunningham is not applicable retroactively and that because Petitioner's conviction became final before the Apprendi line of cases, she cannot benefit from the new rule announced therein.

Accordingly, IT IS HEREBY RECOMMENDED as follows:

1) that Respondent's motion to dismiss be GRANTED;

2) that this petition for writ of habeas corpus be DISMISSED as barred by the statute of limitations;

3) that the Clerk of the Court be directed to enter judgment for Respondent and to close this case.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated: November 6, 2008**

**/s/ William M. Wunderlich**
UNITED STATES MAGISTRATE JUDGE